CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 1 2005

BY: JOHN F. CORCORAN, CLERK
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

BENJAMIN H. JONES, #155438,  )
    Plaintiff,  )    Civil Action No. 7:05-cv-00459
    )
v.  )    **MEMORANDUM OPINION**
    )
PRISON GUARD COX, et al.,  )    By: Hon. James C. Turk
    Defendants.  )    Senior United States District Judge
    )

Plaintiff Benjamin H. Jones, a Virginia inmate acting pro se, submits this civil rights complaint, pursuant to 42 U.S.C. §1983. Jones also applies to proceed in forma pauperis and submits a declaration of assets. In this complaint, Jones complains that the defendant prison officials at Red Onion State Prison have put hairs in his food, knocked on his walls and doors to irritate him, and failed to provide sufficient heat in his cell last winter. Upon review of the record, the court concludes that the complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

As stated, Jones has not prepaid the $250.00 filing fee required in civil actions and, instead, seeks to proceed in forma pauperis. By order and opinion dated August 12, 1998, the court held that Benjamin Jones had filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim, and that, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis, unless he prepays the $250.00 filing fee or alleges facts demonstrating that he is in imminent danger of physical harm. The court assumes that Jones is attempting to meet the "imminent danger" requirement through his current allegations of threats.

1

In order to qualify for the imminent danger exception under §1915(g), the prisoner must at least raise a credible allegation that he is in imminent danger of serious physical harm at the time he files the complaint. White v. State of Colorado, 157 F.3d 1232 (10th Cir. 1998) Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). Jones's complaint does not raise any credible allegation that he is currently in imminent danger of suffering physical harm. All of his complaints concern past events. Moreover, he fails to allege facts demonstrating that any of the challenged conditions---having hairs in his food, knocking on his walls or less heat in the winter than he likes--places him at any risk of ever suffering serious physical injury. Therefore, the court concludes that Jones fails to allege facts sufficient to satisfy the "imminent danger" requirement for in forma pauperis under §1915(g), and will therefore deny plaintiff's request to proceed in forma pauperis under §1915(g). As Jones is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will file and dismiss this action without prejudice.[1] An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This _____ day of July, 2005.

_____
Senior United States District Judge

---

[1] With his complaint, Jones submitted copies of two, handwritten summons forms, some addressed to the defendants in this case and some addressed to the Department of Defense, the Pentagon, and other entities unrelated to the current lawsuit. As this case is filed and dismissed and Jones has no other case pending, these summons are clearly frivolous and unenforceable.

2